JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-08570-JVS (MRWx) | Date | December 29, 2021 |
| Title | Jenna Marketing, LLC v. Krispy Krunchy Foods LLC et al. | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| | |
|---|---|
| Elsa Vargas for Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] Order Regarding Motions to Remand and Transfer [16, 17]

There are two motions presently before the Court.

(1) Plaintiff Jenna Marketing, LLC ("Jenna") moves to remand the proceedings to California state court or, in the alternative, for jurisdictional discovery. See Pl.'s Mot., Dkt. 16. Defendant Krispy Krunchy Foods LLC ("KKF") opposes the motion. See Def.'s Opp'n, Dkt. 20. Jenna replied in support of its motion. See Pl.'s Reply, Dkt. 24.

(2) KKF moves to dismiss, or in the alternative, to transfer the proceedings to the Western District of Louisiana under the first-to-file rule. See Def.'s Mot., Dkt. 17. Jenna opposes the motion. See Pl.'s Opp'n, Dkt. 19. KKF replied in support of its motion. See Def.'s Reply, Dkt. 25.

For the following reasons, the Court **GRANTS** the Motion to Remand and **DENIES AS MOOT** the Motion to Dismiss or Transfer.

**I. BACKGROUND**

The following allegations are based on Jenna's First Amended Complaint ("FAC"). Dkt. 1-6.

On October 5, 2011, KKF and Jenna entered into a New Member Agreement. Id. ¶ 4. Pursuant to that agreement, Jenna became a Marketing Partner with KKF through co-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   2:21-cv-08570-JVS (MRWx)           Date   December 29, 2021

Title      Jenna Marketing, LLC v. Krispy Krunchy Foods LLC et al.

ownership of Krispy Krunchy Foods - Los Angeles, LLC, a Louisiana limited liability company and subsidiary of KKF.  Id.  Krispy Krunchy Foods - Los Angeles, LLC's name was then changed to Krispy Krunchy Foods - California, LLC ("KKF-California").  Id.  By virtue of the New Member Agreement, Jenna became a member of KKF-California.  Id. ¶ 5.

On or about September 21, 2021, KKF purported to terminate all of Jenna's rights under the New Member Agreement.  Id. ¶ 6.  Jenna has not executed any agreements with KKF upon or in anticipation of dissolution of KKF-California.  Id. ¶ 7.  The New Member Agreement includes a two-year non-compete (the "Non-Compete Agreement") covering Jenna and its agents, throughout all of California, barring it from competing with "the commercial enterprise of [KKF-California]."  Id. ¶ 8.

On September 30, 2021, Jeanne Cullen, general counsel of KKF, stated that KKF intended to enforce a two-year non-compete against Jenna.  Id. ¶ 9.  Jenna now contends that the Non-Compete Agreement is unenforceable under California law.  Id. ¶ 10.

KKF has not offered to pay Jenna the fair value of its interests in the LLCs or sought to enter into an agreement in anticipation of KKF-California or KKF-Phoenix that would involve payment of the fair value of the LLC.  Id. ¶ 11.  KKF has taken the position that Jenna is bound by a two-year non-compete even in the absence of an agreement in anticipation of dissolution.  Id.  KKF has indicated that they have no intention of paying Jenna the fair value of the LLCs but believe Jenna is nonetheless bound by the Non-Compete Agreement.  Id.

Jenna now seeks a judicial determination of the current obligations between Jenna, KKF, and KKF-California with regards to the Non-Compete Agreement in California.  Id. ¶ 14.  Specifically, Jenna requests a declaration that it owes no further duties to KKF under any covenant not to compete in the New Member Agreement as well as costs and attorneys' fees.  Id.

## II. LEGAL STANDARD

"If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1332(a).  In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:21-cv-08570-JVS (MRWx)                    Date  December 29, 2021

Title  Jenna Marketing, LLC v. Krispy Krunchy Foods LLC et al.

evaluating a motion to remand, there is a "strong presumption against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction is on the party seeking removal." Emrich v. Toch Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

There are two bases of subject-matter jurisdiction: diversity jurisdiction and federal-question jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $ 75,000, exclusive of interest and costs, and is between . . . [c]itizens of different states." 28 U.S.C. § 1332. To invoke diversity jurisdiction, there must be "complete diversity of citizenship," meaning that "the citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996).

However, diversity jurisdiction is only based on the citizenship of real and substantial parties to the controversy, not nominal or formal parties. Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980) ("A federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."). In other words, complete diversity cannot be destroyed by the presence of a nominal or formal party. Id.

A nominal party is one who has no interest in the action. Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000) ("We will ignore the citizenship of 'nominal or formal parties who have no interest in the action,' and are 'merely joined to perform the ministerial act of conveying the title if adjudged to the complainant.'") (internal citation omitted).

### III. DISCUSSION

The instant dispute boils down to whether KKF-California is a nominal party or whether it destroys complete diversity of citizenship for the purposes of diversity jurisdiction.

For purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its members are citizens. Johnson v. Columbia Props. Anchorage,

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-08570-JVS (MRWx) | Date | December 29, 2021 |
| Title | Jenna Marketing, LLC v. Krispy Krunchy Foods LLC et al. | | |

LP, 437 F.3d 894, 899 (9th Cir. 2006).  Thus, if, like here, "a plaintiff is an owner or member of a defendant LLC, then diversity . . . cannot be satisfied."  Skaaning v. Sorensen, 2009 U.S. Dist. LEXIS 104715, *9 (D. Haw. Nov. 10, 2009).  Here, all of the parties are LLCs.  Accordingly, the parties agree to the following:  Jenna is a citizen of California because its two members are both California citizens (see Compl. ¶ 1); KKF is a citizen of Louisiana, Tennessee, Illinois, Mississippi, Georgia, and New York—all of the states of which its members are citizens (see id. ¶ 2); and KKF-California is a citizen of California, Louisiana, Tennessee, Illinois, Mississippi, Georgia, and New York (all of the states of which Jenna and KKF are citizens) because KKF and Jenna are its sole members.  So, if the Court considers all three parties, there is no diversity of citizenship because Jenna and KKF-California are both citizens of California.

Despite this, KKF argues that KKF-California is merely a nominal party such that its presence does not destroy diversity.

Where there is a claim either against an LLC or a derivative claim on behalf of an LLC, or where full relief requires joining the LLC, the LLC is not a nominal party and counts for diversity purposes.  See Gamrex, Inc. v. Schultz, 2010 U.S. Dist. LEXIS 102652, *13, 27–29 (D. Haw. Sept. 9, 2010).  A nominal defendant is one who "holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute."  SEC v. Colello, 139 F.3d 674, 676 (9th Cir. 1998) (internal quotation omitted).  In other words, "[a] defendant is a nominal party when his role is limited ot that of a stakeholder or a depository."  Hewitt v. City of Stanton, 798 F.2d 1230, 1233 (9th Cir. 1986).

Jenna argues that KKF-California is not a nominal party because the dispute "is about the parties' rights and duties under the Operating Agreement pursuant to [Cal. Bus. & Prof. Code] § 16602.5," "Cullen has asserted claims [against Jenna] on behalf of KKF-California," and "KKF-California is a party to the Agreement."  The Court agrees.  KKF-California, through Cullen, threatened to enforce a non-compete against Jenna and Jenna sued for declaratory relief in response.  See FAC Ex. C.  KKF argues that this is not a "derivative claim" and so KKF-California is a nominal party.  However, both parties agree that this is not a derivative claim.  Nonetheless, Jenna has brought a substantive claim against KKF-California, based on KKF-California's threat, so it is not a nominal party, but a real party in interest.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-08570-JVS (MRWx) | Date | December 29, 2021 |
| Title | Jenna Marketing, LLC v. Krispy Krunchy Foods LLC et al. | | |

While derivative claims are one type of claim that can be brought against an LLC as a proper party, an LLC is also a real party in interest with respect to claims directly against it. In other words, a party is necessary and indispensable, and thus not nominal, when its interests are directly at issue. See Zafer v. Spengler, 2020 U.S. Dist. LEXIS 170876, *7–8 (D. Id. Sept. 15, 2020) (finding that "[b]ecause the interests of [the LLC were] directly at issue . . . the [LLC was] a necessary and indispensable party" such that "joining [the LLC] . . . destroy[ed] diversity jurisdiction.").

Here, Jenna's claim is born out of its allegation that KKF-California threatened to enforce the Non-Compete Agreement and KKF-California and the other parties' obligations arising out of the Non-Compete Agreement. Thus, the Court finds that KKF-California's interests—particularly, its interests in enforcing the Non-Compete Agreement—are directly at issue such that KKF-California is a necessary and indispensable party. Accordingly, joining KKF-California divests this court of subject-matter jurisdiction by destroying diversity jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to remand and **DENIES AS MOOT** the motion to dismiss or transfer.

**IT IS SO ORDERED.**

The Court finds that oral argument on this matter is unnecessary and **VACATES** the January 3, 2022, hearing accordingly.